UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLARENCE BOLDEN (#319449)                                CIVIL ACTION

VERSUS

ROGER YOUNG, SERGEANT, ET AL.                            NO. 08-0560-JVP-CN

<u>NOTICE</u>

   Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

   In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

   ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

   Signed in chambers in Baton Rouge, Louisiana, April 27, 2009.

                                    _____
                                    **MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CLARENCE BOLDEN (#319449)**                                    CIVIL ACTION

**VERSUS**

**ROGER YOUNG, SERGEANT, ET AL.**                                NO. 08-0560-JVP-CN

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion to Dismiss, rec.doc.no. 10. This motion is opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Sgt. Roger Young, Warden Burl Cain, and unidentified "gun guards" at LSP, complaining that his constitutional rights were violated on September 17, 2007, when he was attacked by a co-inmate and when Sgt. Young failed to respond quickly to protect the plaintiff from further injury.[1]

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal under this Rule if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]'" Id., quoting

---

[1] The plaintiff has not provided the identities of the unnamed "gun guard" defendants. Accordingly, these parties will be disregarded and will not be considered as defendants to this proceeding.

Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must, in order to provide the "grounds" of "entitle[ment] to relief," furnish "more than labels and conclusions" or a mere "formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In his Complaint, the plaintiff alleges that on September 17, 2007, he was working outdoors on the LSP farm-line when he was struck without warning by a co-inmate wielding a sling-blade. Although the plaintiff immediately yelled for help, he complains that defendant Sgt. Young, who was located approximately ten (10) feet away, failed to act quickly to prevent the co-inmate from striking the plaintiff several more times. The

plaintiff further asserts that defendant Warden Cain is responsible for failing to properly train employees at LSP.

In response to the plaintiff's allegations, both defendants initially assert that the plaintiff has failed to state a cause of action against them in their official capacities.  In this regard, the defendants are correct.  Although it is unclear from the plaintiff's Complaint whether he has named the defendants in their individual and/or their official capacities, in light of the liberality accorded to the pleadings of pro se petitioners, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), this Court construes the plaintiff's allegations as stating a claim against the defendants in both capacities. Notwithstanding, § 1983 does not provide a federal forum for a litigant who seeks a remedy against a State for alleged deprivations of civil liberties.  Neither a State, nor its officials acting in their official capacities, are "persons" under § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

Turning to the plaintiff's claims asserted against the defendants in their individual capacities, defendant Burl Cain asserts that he is entitled to qualified immunity in connection with the plaintiff's claims.[2] Specifically, defendant Cain asserts that the plaintiff fails to sufficiently allege conduct on the defendant's part which amounts to a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing

---

[2] The defendants' motion does not seek dismissal of the plaintiff's claims asserted against defendant Young on the basis of qualified immunity.  Accordingly, the Court will address this argument only in the context of defendant Cain.

discretionary tasks.  Hale v. Townley, 45 F.3d 914 (5th Cir. 1995).  As recently enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights.  Second, the district court must determine whether the rights allegedly violated were clearly established.  This inquiry, the Court stated, must be undertaken in light of the specific context of the case, not as a broad, general proposition.  The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted.  Id.

Undertaking the Saucier analysis, the Court concludes that the defendant's motion is well-taken.  Specifically, applying this standard to the plaintiff's allegations against defendant Cain, the Court concludes that the plaintiff's Complaint fails to state a claim upon which relief may be granted.  In the first place, the plaintiff fails to allege any direct or personal participation by defendant Cain in the incident complained of.  In this regard, the law is clear that, in order to be liable under § 1983, a person must have been either personally involved in conduct causing the alleged deprivation of constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed.  Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983).  Any allegation that defendant Cain is responsible for the actions of his subordinates is insufficient to state a claim under § 1983.  Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528 (5th Cir. 1997).  A prison official, however, may be found liable when enforcement of a policy or practice results in a

deprivation of a federally protected right.  See Doe v. Dallas Indep. Sch. Dist., 153 F.3d 211 (5th Cir. 1998).  The failure to train or the inadequate training of subordinate officers may also establish an official policy or custom and subject a government official to liability under § 1983.  City of Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

The Fifth Circuit has established a three-part test for evaluating the liability of a supervisory official under § 1983 on a claim of failure to train where the official has not been directly involved in the violation alleged.  Such official may be found liable if the plaintiff can establish that (1) the official failed to train the officers involved; (2) there is a causal connection between the alleged failure to train and the alleged violation of the plaintiff's rights; and (3) the failure to train constituted deliberate indifference to the plaintiff's constitutional rights.  Burge v. St. Tammany Parish, 336 F.3d 363 (5th Cir. 2003), cert. denied, 540 U.S. 1108, 124 S.Ct. 1074, 157 L.Ed.2d 895 (2004).  See also City of Canton v. Harris, supra (requiring that the shortcoming in city's training program be "closely related to the ultimate injury"); Sims v. Adams, 537 F.2d 829 (5th Cir. 1976)(noting that individual supervisory liability "does not specifically require personal participation").  In the instant case, defendant Cain argues that since he was not personally involved in the alleged constitutional violations, he may not be subjected to individual supervisory liability under § 1983.  Accordingly, this Court will evaluate whether the plaintiff has made allegations which, if proven, would be sufficient to establish that, in allegedly failing to train correctional officers at LSP, Warden Cain acted with deliberate indifference to the plaintiff's rights.

"Proof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference. Thompson v. Upshur County, 245 F.3d 447 (5th Cir. 20010. Indeed, a plaintiff alleging a failure to train must show a pattern of similar violations. Id.; Estate of Davis v. City of North Richland Hills, 406 F.3d 375 (5th Cir. 2005). A supervisory official is deliberately indifferent when the inadequate training is so obvious that a constitutional violation would almost always result. City of Canton v. Harris, supra. When this occurs, the failure to train can be classified as a policy adopted by the defendant, which then allows the plaintiff to present evidence of similar occurrences. Conner v. Travis County, 209 F.3d 794 (5th cir. 2000).

In the instant case, the plaintiff has not met any of the elements set out by the Fifth Circuit. Rather, by making the single conclusory statement in his Complaint that defendant Cain, "is responsible for his failure to properly train his employees when to act", the plaintiff appears to merely speculate that the training at LSP is inadequate, and he points to only a single incident to bolster this view. In this Court's view, this is an insufficient assertion of supervisory liability, and to the contrary, the plaintiff appears to be using the mere conclusory assertion of a failure to train as an attempted end run around the ban against respondeat superior liability in § 1983 cases. See Thompkins v. Belt, 828 F.3d 298 (5th Cir. 1987). This Court, however, will "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions". See, e.g., Arias-Benn v. State Farm Fire & Cas. Ins. Co., 495 F.3d 228 (5th Cir. 2007); Evans v. Aultman, 2008 WL 190744 (S.D. Miss. Jan. 18, 2008). Accordingly, based on the foregoing, the Court concludes

that the defendant's assertion of the defense of qualified immunity should be upheld, and the plaintiff's claims asserted against defendant Cain should be dismissed.

## RECOMMENDATION

It is recommended that the defendant's Motion to Dismiss, rec.doc.no. 10, be granted, dismissing the plaintiff's claims against defendant Roger Young and Burl Cain in their official capacities, with prejudice, and dismissing the plaintiff's claims asserted against defendant Burl Cain, with prejudice, on the basis of qualified immunity, and that this matter be referred back to the undersigned for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, April 27, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**